UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALAN P., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   1:20-cv-00221-JDL |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) ) |
| | ) |
|     Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**THE ADMINISTRATIVE FINDINGS**

The Commissioner's final decision is the March 4, 2020, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 11-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. § 404.1520.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of personality disorder, depressive disorder, anxiety disorder, and post-traumatic stress disorder (PTSD). (R. 18.) The ALJ further determined that Plaintiff had a residual functional capacity (RFC) to perform a full range of work at all exertional levels, with the nonexertional limitations of working in two-hour blocks, performing simple tasks over the course of a normal work day and work week, interacting with a few coworkers and supervisors, but tolerating only occasional interaction with coworkers or the public. (R. 21.)

Based on the RFC finding, the ALJ concluded that Plaintiff could not return to past relevant work, but that jobs he could perform existed in significant numbers in the national economy, which jobs included the specific representative jobs of janitor, kitchen helper and hand packer. (R. 24.)

### STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive

when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff contends that (1) the ALJ erred in his assessment of Plaintiff's RFC, and (2) the vocational testimony based on the RFC does not constitute substantial evidence to support the ALJ's determination.

**A.  RFC Assessment**

Plaintiff argues the ALJ erred when he relied on the opinions of the state agency psychological consultants, rejected the opinion of a treating source, and formulated an RFC that lacks record support.

An "ALJ must measure the claimant's capabilities, and 'to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person.'" *Manso-Pizzaro*, 76 F.3d at 17 (quoting *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991)); *see also Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings, so long as [he or she] does not overstep the bounds of a lay person's competence and render a medical judgment.").

In general, an ALJ may not substitute his or her judgment for that of an expert, nor translate raw medical data into an RFC assessment. *See, e.g., Nguyen*, 172 F.3d at 35; *Manso-Pizzaro*, 67 F.3d at 16. An ALJ, however, "'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]'" *Ryan M.*

3

*St. P. v. Saul*, No. 2:19-cv-00167, 2020 WL 1672785, at *3 (D. Me. Apr. 6, 2020) (citing 20 C.F.R. § 404.1520c). The question of a claimant's RFC is "among the issues reserved to the commissioner," *Gilson* at *2 (quoting 20 C.F.R. §§ 404.1527(d)(2)), and while an ALJ must consider supportability, consistency, relationship with the claimant, specialization, and other factors in assessing medical opinions, "he or she need only explain his or her consideration of the two 'most important factors[,]' supportability and consistency, and 'may, but [is] not required to, explain how [he or she] considered' the remaining three factors." *Ryan M. St. P.*, 2020 WL 1672785 at *3 (citations omitted).

State agency mental health consultants Mary Burkhart, Ph.D. and Brian Houston, Ph.D., assessed Plaintiff's claimed mental impairments of PTSD, anxiety, depression, and traumatic brain injury.[2]  (R. 67, 74.)  Dr. Burkhart and Dr. Houston opined that Plaintiff had medically determinable impairments of personality disorder, depression and anxiety, which impairments Dr. Burkhart found non-severe; Dr. Houston assessed Plaintiff's personality disorder as severe.  (R. 68-69, 75.)  Both experts found that Plaintiff had moderate limitations in interacting with others, and both noted that the treatment records from the Veteran's Administration suggested that although Plaintiff had described symptoms of PTSD, he did not meet the criteria for a diagnosis.[3]  (R. 69, 76.)  Dr. Burkhart

---

[2] Dr. Burkhart's opinion is dated March 15, 2019.  Dr. Houston's opinion was issued at the reconsideration stage and is dated July 22, 2019.

[3] Plaintiff underwent a neuropsychological examination in May 2018 conducted by a Veteran's Administration psychologist, Sarah Schubmehl, Psy.D., which examination was supervised by Jason Kaplan, Psy.D.  (R. 548-59.)  Dr. Schubmehl concurred with prior mental health providers that Plaintiff did not meet the full criteria for a PTSD diagnosis because he lacked "avoidance symptoms," and she did not include PTSD among Plaintiff's diagnoses.  (R. 553, 557-58.)  Subsequently, however, multiple records identified PTSD as one of Plaintiff's diagnoses.  (*See, e.g.*, R. 295, 540, 573, 590-98, 702.)

4

determined that while Plaintiff is "likely able to engage in complex activities," he is only able to interact with a few coworkers and supervisors, and he should not have frequent contact with the public. (R. 71.) Dr. Houston concurred with Dr. Burkhart's assessment. (R. 78.)

Plaintiff's treating psychologist, Gregory Caron, Psy.D., in a Mental Residual Functional Capacity Questionnaire in December 2019, noted that Plaintiff is "seriously limited, but not precluded" from performing certain work-related activities.[4] (R. 759-60.) Dr. Caron stated that Plaintiff's "comorbid conditions make it difficult for [him] to tolerate workload and interpersonal stressors in work settings," that Plaintiff's depressive episodes "may interfere with concentration, fuel irritability, and decrease motivation," and that his PTSD "may fuel agitation." (R. 760.) Dr. Caron further opined that Plaintiff's mental impairments or treatments would likely cause Plaintiff to be absent from work "about two days per month." (R. 762.)

The ALJ noted that the state agency mental health consultants did not confirm a diagnosis of PTSD, but in reviewing the treatment reports from mental health professionals at the VA, the ALJ gave Plaintiff "the benefit of any doubt in this regard," and found PTSD to be a severe impairment.[5] (R. 19.) He stated that he remained "in partial accord" with

---

[4] The activities in which Dr. Caron determined Plaintiff is limited are: completing a normal workday and workweek without interruptions from psychologically based symptoms; accepting instructions and responding appropriately to criticism from supervisors; getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; responding appropriately to changes in a routine work setting; dealing with normal work stress; and dealing with the stress of semiskilled and skilled work. (R. 759-60.)

[5] Plaintiff highlights the VA's determination that, effective August 16, 2018, his PTSD, depressive disorder and traumatic brain injury are 100 percent disabling. (R. 183.) For "claims filed … on or after March 27,

the consultants' analyses "insofar as their conclusions comport with [the] severe psychological conditions" found in the ALJ's Step 2 determination. (R. 22.) The ALJ found Dr. Caron's report "only marginally persuasive," because the opinion was not consistent with the medical record and was beyond the scope of his expertise. The ALJ wrote in part "Dr. Caron's suggestion that the claimant's mental health symptoms may exacerbate ankle and/or joint pain has no clinical support, and is beyond his purview as a psychologist." (R. 23.) The ALJ also observed that the state agency mental health consultants had access to "nearly the complete medical record," except for some recent VA treatment data and Dr. Caron's evaluation. (R. 22-23.)

The ALJ, "incorporating PTSD as severe," found there was no "persuasive, objective evidence received at the hearing level to contradict persuasively the DDS findings of mild to moderate functional limitations." (R. 22-23.) The ALJ limited Plaintiff to simple tasks and "only occasional interaction" with coworkers and the public. (R. 23.)

Plaintiff argues that because the ALJ was only in "partial accord" with the analyses of Drs. Burkhart and Houston and because he largely rejected Dr. Caron's opinion, the ALJ's RFC determination is not supportable, citing this Court's decision in *Kristal L. v. Berryhill*, No. 2:18-cv-00084-JAW, 2019 WL 495583 (D. Me. Feb. 8, 2019), rec. dec. aff'd, 2019 WL 1051999 (D. Me. Mar. 5, 2019). In *Kristal L.*, the ALJ determined that the claimant had a severe impairment of PTSD. 2019 WL 495583, at *1. In formulating the

---

2017," however, Defendant need not "provide any analysis in [his] determination or decision about a decision made by another governmental agency or a nongovernmental entity about whether [a claimant is] disabled, blind, employable, or entitled to any benefits." 20 C.F.R. § 404.1504. *See Karen S. v. Saul*, No. 2:19-cv-00522-JHR, 2020 WL 6047693, at *3 (D. Me. Oct. 12, 2020) (VA disability ratings decision "properly given no weight" by ALJ).

claimant's RFC, the ALJ relied on the opinion of a state agency expert who did not have the opportunity to review new treatment records and the opinion of a provider who had diagnosed the claimant with PTSD. *Id*. at *3-4. The state agency expert had considered the claimant's allegation of anxiety, but the ALJ did not find it to be a medically determinable impairment, and therefore did not include any limitations associated with anxiety in the claimant's RFC. *Id*. at *4. The Court noted that "the ALJ shed no light on whether she found PTSD-related limitations, if not, why not, and if so, how her RFC accounted for them…. Nor did she indicate that she had assessed a severe PTSD impairment simply to give the plaintiff the benefit of the doubt." *Id*. at *5. The Court thus found the ALJ's RFC determination was not supported by substantial evidence. *Id*.

Contrary to Plaintiff's argument, *Kristal L.* does not require remand in this case. Unlike in *Kristal L.*, the ALJ explicitly stated that he was giving Plaintiff the benefit of the doubt in concluding that Plaintiff's PTSD constituted a severe impairment. The ALJ was not necessarily required to find specific limitations as the result of the PTSD determination. *DuBois v. Berryhill*, No. 1:17-cv-00076-JDL, 2017 WL 6000340, at *4 (D. Me. Dec. 3, 2017) (rec. dec. aff'd Feb. 28, 2018) ("a finding that a particular impairment is severe does not necessarily result in a finding of related limitations on the ability to perform work-related functions.") Nevertheless, the ALJ supportably found and explained that while he assessed Plaintiff's PTSD as severe, Plaintiff's treatment records, most of which records the agency consultants reviewed, showed normal mental status examinations and good

7

progress,[6] and that no "persuasive, objective evidence at the hearing level ... to contradict persuasively the [agency] findings of mild to moderate functional limitations." (R. 22-23.) That is, unlike in *Kristal L.*, after an analysis of Plaintiff's mental health records, including the records generated as the result of a neuropsychological evaluation, which records reflected treatment following the evaluation,[7] the ALJ concluded that the PTSD finding did not require any further limitations. In other words, the RFC addressed any possible PTSD-related limitations.[8]

In short, the fact that the ALJ gave Plaintiff the benefit of the doubt and assessed an RFC more favorable to the Plaintiff than the evidence might otherwise support does not require remand. *See Dubord v. Colvin*, No. 2:16-cv-00035-JHR, 2016 WL 7396703, at *4 (D. Me. Dec. 20, 2016); *Davis v. Berryhill*, No. 1:14-cv-00343-JHR, 2015 WL 3937423, at *4. (D. Me. June 25, 2015). The ALJ adequately and supportably explained the reason he did not include further limitations in the RFC.[9]

---

[6] Normal mental status examination reports generally "are not the type of raw medical data that [an ALJ] is prohibited to evaluate." *Priest v. Colvin*, No. 15-cv-00379, 2016 WL 7335583, at *3 (D. Me. Dec. 16, 2016).

[7] The ALJ determined that "the neuropsychological findings and treatment data do[] not appear inconsistent with the assigned residual functional capacity." (R. 22.)

[8] The medical records generated after the agency experts' review do not invalidate the ALJ's findings or reliance on the agency experts. Where medical evidence that post-dates expert assessments "does not establish any greater limitations … or are arguably consistent with, or at least not clearly inconsistent with," those assessments, an ALJ may rely on the earlier opinions. *Anderson v. Astrue*, No. 1:1-cv-00476-DBH, 2012 WL 5256294, at *3-4 (D. Me. Sept. 27, 2012), rec. dec. aff'd, 2012 WL 5252259 (D. Me. Oct. 23, 2012). The PTSD diagnosis had been made before the consultants reviewed the records and the treatment records can fairly be characterized as generally consistent with the prior records.

[9] Given that the ALJ supportably rejected Dr. Caron's assessment, it was not error for the ALJ to fail to address specifically Dr. Caron's opinion that Plaintiff would "likely" miss "about" two days of work per month. An ALJ "is not required to address explicitly every item of evidence in the record." *Hatt v. Soc. Sec. Admin. Comm'r*, No. 1:13-cv-00335-NT, 2014 WL 4411600, at *5 (D. Me. Sept. 5, 2014).

### B. Vocational Expert's Testimony

Plaintiff challenges the testimony of the vocational expert. Because the Plaintiff's challenge depends on the Court finding that the ALJ's RFC findings are erroneous, given the above analysis, Plaintiff's argument must fail.

### CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of April, 2021.